IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANGEL MARIA FUENTES AMAYA<br>8626 Ridge Road<br>Ellicott City, MD 21043<br><br>    PLAINTIFF,<br><br>v.<br><br>NATIONAL MOTORS, INC.<br>8528 Baltimore National Pike<br>Ellicott City, MD 21043<br><br>    SERVE: BEHRANG "BRIAN" DOROUDIAN<br>    11551 Fox River Dr.<br>    Ellicott City, MD 21043<br><br>BEHRANG "BRIAN" DOROUDIAN<br>11551 Fox River Dr.<br>Ellicott City, MD 21043<br><br>    DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Case No.:   1:20-cv-00729<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Angel Maria Fuentes Amaya ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against National Motors, Inc. ("National Motors") and Behrang "Brian" Doroudian (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* ("MWPCL") as set forth below.

### PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the

FLSA.

2. Defendant Nationals Motors is a corporation formed under the laws of the State of Maryland and doing business in the State of Maryland.

3. Defendant Behrang "Brian" Doroudian is an adult resident of the State of Maryland that owns and operates National Motors.

4. Plaintiff was employed by Defendants to work at National Motors. Plaintiff worked in the State of Maryland as an Automobile cleaner and performed related duties.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely car supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for the purposes of the FLSA, MWHL, and MWPCL.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9. Throughout Plaintiff's employment with Defendants, Defendants:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff. In fact, Mr. Doroudian was the individual that made the decision to hire Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality. In fact, Mr. Doroudian frequently supervised Plaintiff's work;

   c. Set and controlled Plaintiff's work schedule or that the power to set and control Plaintiff's work schedule;

   d. Set and determined of had the power to set and determine Plaintiff's rate and method of pay; and

   e. Controlled and were in charge of Plaintiff's day-to-day duties and responsibilities.

10. Plaintiff worked for Defendants at National Motors from September 5, 2019 until February 14, 2020.

11. Plaintiff worked an average of roughly sixty-eight (68) hours per week.

12. During this time, Defendants paid Plaintiff $14.00 per hour, even for the hours Plaintiff worked over forty.

13. Plaintiff's primary work duties did not qualify for exemption under the FLSA, MWHL, or MWPCL.

14. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his hourly rate for hours worked over forty (40).

15. Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, MWHL, and MWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

16. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

17. The FLSA mandates that an employer must pay an employee overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

18. At all times, Plaintiff was Defendants' "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

19. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

20. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

21. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours he worked.

22. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief

this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law
### (Overtime)

23. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

24. Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employers" within the meaning of the MWHL. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) his regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

25. As set forth above, Defendants paid Plaintiff a weekly sum and did not pay Plaintiff one and a half Plaintiff's regular rate for the hours he worked over forty.

26. At all relevant times, Defendants had knowledge that Plaintiff worked more than forty (40) hours per week. Alternatively, Defendants suffered or permitted Plaintiff to work more than forty (40) hours per week.

27. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at his overtime rate for all the overtime hours Plaintiff worked in each week.

28. As discussed supra, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly failed to pay Plaintiff for his overtime hours at the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief

this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law
### (Unpaid Wages)

29. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

30. Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

31. Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

32. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work he performed, including overtime wages.

33. As detailed above, Defendants failed to compensate Plaintiff for overtime wages owed.

34. Defendants' failure and refusal to pay overtime wages due to Plaintiff was not the result of any bona fide dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

_____
Michael K. Amster, Bar ID: 18339
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*